# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| ANDREW W. MORGAN, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 6:13-cv-03326-DGK |
| | ) | Crim. No. 6:11-cr-3007-DGK |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT

This case arises out of Movant Andrew Morgan's ("Movant" or "Morgan") guilty plea to being a felon in possession of a firearm and the Court's subsequently sentencing him to ninety-nine months imprisonment with credit for time served since January 6, 2011. Pending before the Court is Morgan's "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 or in the alternative, Motion to Amend the Judgment and Commitment Order" (Doc. 1) and the Government's motion to dismiss (Doc. 3).

Morgan is seeking to amend the judgment to state that the sentence be served concurrently with his state term of imprisonment. The Government moves to dismiss contending Morgan expressly waived his right to collaterally attack his sentence, and he is not entitled to relief under Federal Rule of Criminal Procedure 36.

The Court holds Morgan's sentence cannot be amended or vacated pursuant to § 2255. Morgan unequivocally waived the right to collaterally attack his conviction or sentence in his written plea agreement for any reason except ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence, none of which are alleged here. Even if Morgan had not waived his right to collaterally attack his sentence, § 2255 may only be invoked where a "sentence was imposed in violation of the Constitution or laws of the United States, or that the

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . ."  28 U.S.C. § 2255(a).

Relief is alternately not available under Rule 36, which allows a court to amend a judgment and commitment order to conform to the court's oral pronouncement of sentence, because the judgment conforms exactly to the oral pronouncement of sentence.  The Court pronounced Morgan's sentence to be ninety-nine months imprisonment with credit for time served between January 6, 2011, and September 19, 2012.  Trans. at 34-37.  Thus, there is no clerical error to correct here.

The Court also finds that it is not necessary to hold an evidentiary hearing.  "A petitioner is not entitled to an evidentiary hearing on a section 2255 motion if "the files and records of the case conclusively show that he is entitled to no relief."  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted).  No hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007).  As discussed above, Morgan's claims are not cognizable, but are conclusively contradicted by the record.  Consequently, an evidentiary hearing is unnecessary.

Finally, the Court declines to issue a certificate of appealability.  In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).  District courts customarily address this issue contemporaneously with the order on the motion.  *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This

requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, Morgan's motion (Doc. 1) is DENIED, the Government's motion to dismiss (Doc. 3) is GRANTED, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  January 7, 2014                         /s/ Greg Kays
                                                                                      GREG KAYS
                                                                                      CHIEF DISTRICT JUDGE